United States District Court
Southern District of New York
------------------------------------------------X
David Shatz                                             Docket No. 07-CV-7129 (Robinson, J.)
                    Plaintiff,
    -against-

Linda Strumpf Esq.
                 Defendant
------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT STRUMPF'S <u>MOTION TO DISMISS</u>

### PRELIMINARY STATEMENT

The undersigned, Linda Strumpf, Esq., respectfully submits this memorandum in support of my motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12 (b)(5) based on plaintiff's failure to serve the summons and complaint on the defendant herein.

I just received in the mail an Affirmation for Judgment by Default, with a Statement of Damages and Exhibits, addressed to my Connecticut address[1]. I was never served with the summons and complaint in this action.

In Plaintiff's attorney's affirmation for a default judgment, he claims that he served a copy of the summons and complaint with a Waiver of Service of Summons on August 13, 2007 by first class mail and certified mail. (¶ 5, Affirmation of Shmuel Klein). However,

---

[1] I respectfully note that plaintiff's papers fail to conform with the required Rules, F. R. Civ. P. 55 and Local Civil Rule 55.2

1

the undersigned never received the summons and complaint. On or about August 15, 2007, I moved my New York office to 2 West Road, South Salem, New York. This is public information, since it is listed on the New York State Unified Court System Website (see Exhibit A annexed hereto), which may be accessed by anyone.

Plaintiff then claims that I was served by "Service on a Corporation by the Secretary of State of New York" (¶ 5, Affirmation of Shmuel Klein). Plaintiff attaches an "Affidavit of Service on a Corporation by the Secretary of State" as Exhibit C. The Affidavit of Service states service was made upon "Linda Strumpf, Esq. d/b/a Linda Strumpf, Inc."

Approximately 10 years ago I formed a corporation, "Linda Strumpf, Inc." to commence a business outside of my law practice. "Linda Strumpf, Inc." is presently out of business, and the corporation was dissolved a number of years ago. In fact, the corporation is listed as "Inactive" on the New York State Department of State Website. (See Exhibit B annexed hereto).

The defendant in this case is the individual, Linda Strumpf – "Linda Strumpf, Esq." I never practiced law as a corporation and Linda Strumpf, Esq. never did business as "Linda Strumpf, Inc.". In fact, to the best of my knowledge a corporation cannot practice law. Clearly, the Secretary of State is not authorized to accept service on my behalf as an attorney, as I am not registered as a corporation with the Secretary of State. Further, "Linda Strumpf, Esq. d/b/a Linda Strumpf, Inc." is not the plaintiff in this action, and does not exist. As an attorney, I never "did business as" "Linda Strumpf, Inc.".

# ARGUMENT

## POINT I
### SERVICE OF THE SUMMONS AND COMPLAINT WAS NEVER MADE HEREIN

Fed. R. Civ. P. 4(e)(1) and (2) governs service of process upon individuals within a judicial district of the United States. The rule states:

> "(e) Service Upon Individuals Within a Judicial District of the United States. Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."

Thus, in order for plaintiff to have served defendant, pursuant to Fed. R. Civ. P. 4(e)(1), in the absence of a waiver, he must have served defendant either by personal delivery, or pursuant to the laws of the state in which the district court is located, or in which service is attempted to be effected, which, in this case, is, of course, New York State, or by substituted service, which mirrors the New York rule.

The New York rule, however, offers more alternatives, than Rule 4(e)(2). In order to serve an individual in New York State, the applicable statute is NY Civil Practice Law and Rules (CPLR) §308. Pursuant to Section 308, a plaintiff is permitted to use any one of three methods to serve a defendant. First, a plaintiff can personally serve a defendant within the state. N.Y.C.P.L.R. 308(1). Second, a plaintiff can serve by leaving copies of the summons and complaint with "a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode" of a defendant. *Id.* 308(2). Third, if service under the first two methods could not "be made with due diligence," a plaintiff may then affix the summons and complaint to the door of a defendant's actual place of business, dwelling place or usual place of abode, provided that he also mail the summons and complaint to a defendant's last known address or his actual place of business. *Id.* 308(4). This is referred to as "nail and mail."

Based on the statements in plaintiff's affirmation, plaintiff has apparently not even attempted service on the undersigned in any of these manners (or in any manner set forth in Fed. R. Civ. P. 4(e) (2).

Simply put,

1) the undersigned is not a corporation

2) I do not conduct business as "d/b/a Linda Strumpf, Inc."

3) "Linda Strumpf, Inc." is a dissolved, inactive corporation, that was a business unrelated to my law practice.

4) There is no entity "Linda Strumpf, Esq. d/b/a Linda Strumpf, Inc."

Service upon "Linda Strumpf, Inc." through the Secretary of State, pursuant to Business Corporation Law § 306 is clearly improper, since the defendant is not "Linda Strumpf, Inc.", I am not – nor have I ever been - a domestic corporation and I have never authorized the Secretary of State to accept service on my behalf.

Case law supports my position that service was never properly made herein.  In a leading Court of Appeals case, <u>Feinstein v. Bergner</u>, 48 N.Y.2d 234, 241-242, 397 N.E.2d 1161, 422 N.Y.S.2d 356, 359-360 (1979), the Court of Appeals found that the service was "ineffective, since the plaintiff failed to comply with the specific mandates of CPLR 308. (Subd. 4)."  Similarly herein, the plaintiff failed to even attempt to comply with CPLR 308 (4).

Plaintiff apparently attempted to serve me at my former office, 111 John Street, New York, New York.  However, that does not excuse plaintiff from effectuating proper service. In <u>Feinstein,</u> the Court of Appeals also held that the defendant was not estopped from raising defective service as a defense,

> "since plaintiffs here have failed to demonstrate that [defendant] Bergner engaged in conduct which was calculated to prevent them from learning of his new address [citation omitted]. Since potential defendants ordinarily have no affirmative duty to keep those who might sue them abreast of their whereabouts, [citation omitted] we can find no basis for invoking the estoppel doctrine here."

Of course, as set forth above, my current office address is set forth on a public

website.

In <u>Martin v. New York State Dept. of Mental Hygiene</u>, 588 F.2d 371, 373 (2nd Cir., 1978), the Second Circuit held that Rule 4:

> "mandates that the defendant be served with the summons and complaint personally, or in accordance with one of several prescribed alternatives. A showing that the defendant has had actual notice of the lawsuit is not sufficient to bar a motion to dismiss under Rule 12(b)(2). [citations omitted]"

## II
## ALTHOUGH NOT THE SUBJECT OF THIS MOTION
## PLAINTIFF HAS FAILED TO STATE A CLAIM HEREIN

Parenthetically, the undersigned respectfully brings to this Court's attention that plaintiff fails to state a claim upon which relief may be granted. Plaintiff labels his lawsuit as a "Complaint for Violation of the Fair Debt Collection Practices Act [FDCPA]," which calls for a maximum penalty of $1,000.00.

However, as plaintiff correctly point out, the undersigned obtained a valid judgment against plaintiff, entered in a court of competent jurisdiction in New York State. Any action taken by the undersigned plaintiff was done so after obtaining a valid state Court judgment, making the actions taken by the undersigned legally permissible actions pursuant to the laws of the State of New York.

The plaintiff in this Federal Court case is attempting – in effect – to overturn a valid State court judgment. The Second Circuit held in <u>Johnson v. Smithsonian Institute</u>, 189 F.

2d 180, 186-187 (2nd Cir., 1999) that: "Here, the plaintiff seeks in effect to set aside the state court's order. That he cannot do in a federal district court."(@187). Thus there can be no violation of the FDCPA herein, and plaintiff's other claims must also fail. Additionally, in his papers in support of his default judgment, plaintiff fails to offer any evidence of defamation or infliction of emotional distress.

## Conclusion

For the foregoing reasons, defendant respectfully requests that the Court grant defendant's motion for an order dismissing this action, and for such other and further relief as this Court may deem just and proper.

Dated: November 27, 2007

>    Respectfully Submitted,
>
>    */s/ Linda Strumpf* _____
>    Linda Strumpf, Esq. (LS 2948)
>    Defendant Pro Se
>    244 Colonial Road
>    New Canaan, Ct. 06840
>    Tel.: (212) 566-6800
>    Fax: (212) 566-6808

United States District Court
Southern District of New York
-----------------------------------------------X
David Shatz                                                    Docket No. 07-CV-7129 (Robinson, J.)
                Plaintiff,
  -against-                                                       DECLARATION OF SERVICE

Linda Strumpf Esq.
                Defendant
--------------------------------------------------X

      Linda Strumpf, hereby declares, pursuant to 28 U.S.C. §1746, as follows:

      On November 27, 2007 deponent served the attached:

      1) Declaration of Linda Strumpf With Attached Exhibits

      2) Defendant's Memorandum of Law in Support of Her Motion to Dismiss

in the above-captioned matter on the Attorney for Plaintiff by depositing true copies thereof in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service, addressed as follows:

Law Office of Shmuel Klein P.C.
268 West Route 59
Spring Valley, NY 10977

      I declare under the penalty of perjury that the foregoing is true and correct. Executed on November 27, 2007.

                                                                     */s/ Linda Strumpf*_____
                                                                     Linda Strumpf