UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
DAVID SHATZ
        Plaintiff,                            07-CV-7129

        v.
LINDA STRUMPF, ESQ.
          Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## AFFIRMATION IN OPPOSITION TO DEFENDANT LINDA STRUMPF'S MOTION TO DISMISS

I, Shmuel Klein, counsel for the Plaintiff herein, affirm under penalty of perjury, state that I have knowledge of the following and state the same is true except for those matters stated "upon information and belief" and as to those matters, I believe them to be true.

1. Although Plaintiff already addressed the issue regarding Defendant Linda Strumpf's Motion to Dismiss in two letters to Court, dated November 28, 2007 (see Exhibit "A") and December 6, 2007 (See Exhibit "B"), we are hereby incorporating our opposition in this formal Affirmation in Opposition so that the record is clear that this motion was opposed by Plaintiff.

2. This action was commenced on August 10, 2007, by the filing of the Summons and Complaint against Defendant Linda Strumpf, Esq. (hereinafter "Ms. Strumpf") for violation of the Fair Debt Collection Practices Act (hereinafter "FDCPA").

3. Plaintiff mailed a Notice of Lawsuit and Request for Waiver of Service of Summons, along with a copy of the Summons and Complaint by depositing said documents in a post-paid wrapper, placing it in an official depository under the exclusive care and custody of the United States Postal Service within the State of

New York, first class mail, and certified mail to the Defendant Ms. Strumpf on
August 13, 2007, pursuant to Rule 4.

4.   When Defendant did not return the Waiver nor answered the Complaint, Plaintiff
further served Defendant Ms. Strumpf by Service on a Corporation by the Secretary
of State of New York on September 4, 2007. (Plaintiff is entitled to cost of service in
the amount of $55.00 pursuant to rule 4, since Defendant did not return the Waiver).

5.   On November 23, 2007, Plaintiff mailed to the Clerk and to Defendant an
Affirmation for Judgment by Default and a Clerk Certificate, seeking to enter a
Default Judgment against Defendant Ms. Strumpf for her failure to answer the
Complaint.

6.   On November 27, 2007, Defendant Ms. Strumpf mailed and uploaded her Motion
to Dismiss Plaintiff's Complaint, pursuant to Rule 12(b)(5), alleging that Plaintiff
failed to serve the Summons and Complaint upon her.

7.   Defendant alleged that she did not receive the Notice of Lawsuit and Request for
Waiver because she moved to a different office on August 15, 2007. Apparently,
she failed to timely notify the Secretary of State as required.

8.   Defendant also claimed that the service of process through the Secretary of State
is not valid, because the Affidavit of the Secretary of State stated that service was
made upon "Linda Strumpf, d/b/a/ Linda Strumpf, Inc." and that Linda Strumpf,
Inc. is an out of business corporation, which was dissolved a couple of years ago.
Accordingly, Defendant claimed that the Secretary of State is not authorized to
accept service on her behalf. (Upon information and Defendant's corporation is
still a valid, open corporation, or the Secretary of State would not have accepted
service on this corporation).

9.  Finally, Defendant claimed that this action seeks to remove a state court judgment against plaintiff, which was obtained in violation of the FDCPA by Defendant Strumpf, and thus Defendant claimed that it cannot be adjudicated in this Court and dismissal is proper.

10. In Plaintiff's letter dated November 28, 2007, we addressed the issues raised in Defendants Motion.

11.  Defendant is a large law firm, and upon information and belief, even if she moved, she still forwarded or picked up her mail sent to the old address.

12. Furthermore, even if Defendant is no longer a corporate entity, the Secretary of State did in fact mail the summons and complaint to the valid address of Defendant, in New Canaan, CT. In fact, when Plaintiff mailed the application for Default Judgment to the same address, Defendant was quick in responding thereto. Defendant cannot deny knowledge of the lawsuit against her.

13. Finally, in addressing the allegation that this action was improperly brought in Federal Court, Plaintiff stated in its November 28, 2007 letter to this Court that The FDCPA violation occurred not out of the lawsuit or its outcome against Plaintiff, but rather Defendants collection practice, their actions and inactions, failure to comply with the FDCPA, before and after the lawsuit was filed and the judgment was obtained. The numerous violations committed by Defendant are per se violation of the FDCPA. (See complaint, attached hereto as Exhibit "C")

14. Finally, in the November 28, 2007 letter, Plaintiff requested that Defendant withdraw this frivolous Motion pursuant to Rule 11.

15. In response to the November 28 letter, Defendant Ms. Strumpf sent a letter to the Court on December 3, 2007 (See Exhibit "D"), wherein she refuted the fact that she is a large debt collector, and stated that the issue is not whether or not she had knowledge of the lawsuit, but whether she was properly served.

16. In our December 6, 2007 letter (Exhibit "B"), Plaintiff attached proof that Ms. Strumpf is indeed a large scale debt collector, filing 2360 case in 2006 and 926 cases in 2007 in the Kings County Court, Queens County Court, Richmond County Court, Bronx County Civil Court and the Auburn City Court alone, as well as, upon information and belief, many more in other Courts.

17. Plaintiff again emphasized that Defendant was served and willfully chose to ignore the Complaint filed against her, conveniently failing to respond. Plaintiff therefore urged the Court that it is proper that a Default Judgment be issued against Defendant, and respectfully prayed that Your Honor deny Defendant's motion to dismiss the Complaint and enter a Default Judgment in favor of Plaintiff.

18. Plaintiff again asked the Defendant withdraw the Motion pursuant to Rule 11.

19. On December 12, 2007, despite having already made proper service on Defendant, Plaintiff again served Defendant via personal service of process. Defendant failed to acknowledge this service in any form, or to withdraw her motion.

    **WHEREFORE,** Plaintiff respectfully prays that Defendant's Motion to Dismiss be denied, that Plaintiff's application for Default be granted, and that Defendant be

sanctioned pursuant to Rule 11 for filing this frivolous Motion against Plaintiff, with

costs and fees in favor of Defendant for opposing this Motion.

Dated: September 15, 2008
Spring Valley, New York

_____/s/_____
Shmuel Klein (SK7212) Fed Ct. Only
Law Office of Shmuel Klein, PC
268 Route 59,
Spring Valley, New York 10977
(845) 425-2510
Attorney for Plaintiff