UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
DAVID SHATZ
         Plaintiff,                                     07-CV-7129

    v.

LINDA STRUMPF, ESQ.
         Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT LINDA STRUMPF'S MOTION TO DISMISS

      Comes Now, David Shatz, by and through his counsel, Law Office of Shmuel Klein, PC, and files this Memorandum of Law in Opposition to Defendant Linda Strumpf's Motion to Dismiss. Plaintiff hereby incorporates herein the Affirmation in Opposition and the Exhibits thereto.

## ARGUMENT

SERVICE UPON DEFENDANT WAS PROPER

      Defendant was served properly in this matter and the Complaint should not be dismissed. On August 13, 2007, Plaintiff mailed a Notice of Lawsuit and Request for Waiver of Service of Summons pursuant to Rule 4, to Defendant. Defendant contends that it did not receive said Notice because it moved, however, upon information and belief, Defendant received the Summons and Complaint and was aware of the lawsuit.

      Rule 4 of the Federal Rules of Civil Procedure requires parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

In this case, Defendant failed to return the waiver, so Plaintiff served the Summons and Complaint upon the Secretary of State, on September 4, 2007, to be served upon Defendant according to the service of process laws of New York. Defendant was in receipt of the Summons and Complaint and chose not to Answer the Complaint.

After Plaintiff filed its Application for Default, and mailed it to Defendant at the same address, the Defendant was quick to respond with the instant Motion to Dismiss. Plaintiff sent two letters to the Court in Opposition to the instant Motion, with a copy to Defendant, each time urging Defendant to withdraw its frivolous Motion pursuant to F.R.C.P. Rule 11. Furthermore, On December 12, 2007, despite having already made proper service on Defendant, Plaintiff again served Defendant via personal service of process. Defendant failed to acknowledge this service in any form, or to withdraw her motion, and sanctions are therefore appropriate upon Defendant.

DEFENDANT VIOLATED THE FDCPA

This action was properly brought in Federal Court, for Defendants violation of the FDCPA. Defendant improperly filed a lawsuit against Plaintiff in an improper venue, never served Plaintiff, and obtained a default judgment against Plaintiff. Plaintiff found out about the judgment after his bank account was frozen by Defendant. This case was never tried on its merits. Furthermore, the FDCPA violation occurred not out of the state court lawsuit or its outcome against Plaintiff, but rather Defendants collection practice, their actions and inactions, failure to comply with the FDCPA, even before the lawsuit was filed, as well as after it obtained the Default Judgment, in freezing Plaintiff's account. The numerous violations are per se violation of the FDCPA. Plaintiff did not receive a 30-day validation notice, as required by 15 U.S.C. § 1692g(a), before Defendant

commenced the action. Bringing an action in a wrong venue is a violation of 15 U.S.C. 1692i(a)(2).

Additionally, Defendant violated 15 U.S.C. 1692d(5) by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff in connection with the collection of debt. Defendant violated the 15 U.S.C. 1692e(2) by falsely misrepresenting that Plaintiff owes a debt in the amount of $14370.16. Defendant violated 15 U.S.C. 1692e(8) by communicating false credit information and attempting to collect a debt when said debt was not that of Plaintiff. Defendant violated the 15 U.S.C. 1692f(1) by collecting a non-existent debt, not authorized by any contract and not permitted by law. Defendant also violated the 15 U.S.C. 1692f(5) by causing Plaintiff to incur a bank legal fee charge of $100.00 as a direct result of its actions, and 15 U.S.C. 1692f(6) by freezing the Plaintiffs funds and thereby disabling the use of the account by Plaintiff, when it had no authority to do so.

Defendant violated 15 U.S.C. 1692g(b) by attempting to collect a debt from plaintiff when she knew, or should have known, that she had no legal authority to do so, with total disregard as to the emotional distress, damages and humiliation its actions caused to Plaintiff.

Accordingly, Plaintiff properly brought this action in this federal Court and this case should not be dismissed.

**CONCLUSION**

Plaintiff properly brought this action in this Court and has properly and timely served Defendant Linda Strumpf, Esq. through various forms of service, at her various

addresses. Defendant willfully failed to Answer the Complaint and failed to withdraw the instant Motion despite Plaintiff's warnings Pursuant to Rule 11.

WHEREFORE, Plaintiff respectfully prays that Defendant's Motion to Dismiss be denied, that Plaintiff's application for Default be granted, and that Defendant be sanctioned pursuant to Rule 11 for filing this frivolous Motion against Plaintiff, with costs and fees in favor of Defendant for opposing this Motion.

Dated: September 15, 2008
Spring Valley, New York

_____/s/_____
Shmuel Klein (SK7212) Fed Ct. Only
Law Office of Shmuel Klein, PC
268 Route 59,
Spring Valley, New York 10977
(845) 425-2510
Attorney for Plaintiff