EXHIBIT "C"

FILED
AUG 1 0 2007
USDC WP SDNY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x
DAVID SHATZ
Plaintiff,

COMPLAINT FOR VIOLATION OF THE FAIR
DEBT COLLECTION PRACTICES ACT

vs.

Plaintiff Demands A
Trial by Jury

LINDA STRUMPF, ESQ.
Defendant.
-------------------------------------x

**07 CIV. 7129**

**ROBINSON**

### INTRODUCTION

1. This is an action for damages and declaratory relief by an individual consumer for Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (hereinafter FDCPA) and defamation.

### JURISDICTION AND VENUE

2. Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law. Defendant has violated the provisions of the FDCPA. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. 1367. Venue in this District is proper in that Defendant transacts business here and the conduct complained of occurred here.

### PARTIES

3. Plaintiff, David Shatz, is a natural person residing at 66 Main Street, Monsey, New York, 10952, and residing in this District.

4. Defendant, Linda Strumpf, Esq. (hereinafter "Strumpf"), is a collection attorney regularly engaged in the collection of debts in this state and is a debt collector as defined

by the FDCPA, with its principal place of business located at 111 John Street, Room 800, New York, New York, 10038

## FACTUAL ALLEGATIONS

5. On or about June, 2007, Defendant Strumpf requested that North Fork Bank freeze Plaintiffs bank account, in an attempt to collect a debt.

6. North Fork Bank froze the money in the account, putting a hold in the amount of $14370.16 on Plaintiff's account. As a result, Plaintiff incurred $100 in insufficient funds fees and was left with no money in the North Fork Bank account.

7. Defendant Strumpf apparently commenced a collection action against Plaintiff in a county other than where Plaintiff resides, in violation of 15 U.S.C. 1692(i).

8. Defendant, Strumpf, never contacted Plaintiff about an alleged debt.

9. Defendant, Strumpf, never served a summons or complaint upon Plaintiff and never communicated with Plaintiff regarding any judgment against him.

10. Plaintiff denies owing any debt to anyone in such an amount. In fact, Plaintiff's total debt amount is paid current by Plaintiff.

11. Plaintiff is without knowledge as to the debt, who the original creditor is, and why Defendant Strumpf obtained a judgment against him.

12. Plaintiff's Attorney, Law Office of Shmuel Klein, PC, sent a validation demand on June 11, 2007 and again on June 13, 2007 to the Law Office of Linda Strumpf.

13. Defendant, Strumpf, failed to acknowledge the validation demand or release the money in his bank account.

14. As of the date of this complaint the account continues to be frozen and the Defendant has not made any efforts to validate the alleged debt, reverse their actions and contact North Fork Bank to release the money.

## FIRST CLAIM: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

15. The allegations in paragraphs 1-14 in this pleading are incorporated as if fully rewritten herein.

16. Defendant Strumpf failed to communicate with Plaintiff in regards to the alleged debt. Defendant did not communicate to Plaintiff about any debt, the amount of the debt, the name of the creditor to whom the alleged debt is owed or a statement that the consumer has 30 days to dispute the debt in writing. Defendant Strumpf simply obtained a default judgment against Plaintiff, without ever serving him or notifying him of any such debt or proceedings against him.

17. Defendant Strumpf violated the Fair Debt Collection Practices Act 15 U.S.C. 1692d(5) by engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff in connection with the collection of debt.

18. Defendant Strumpf violated the Fair Debt Collection Practices Act 15 U.S.C. 1692e(2) by falsely misrepresenting that Plaintiff owes a debt in the amount of $14370.16.

19. Defendant Strumpf violated the Fair Debt Collection Practices Act 15 U.S.C. 1692e(8) by communicating false credit information and attempting to collect a debt when said debt was not that of Plaintiff, and failing report the Debt is disputed.

20. Defendant Strumpf violated the Fair Debt Collection Practices Act 15 U.S.C. 1692f(1) by collecting a non-existant debt, not authorized by any contract and not permitted by law.

21. Defendant Strumpf violated the Fair Debt Collection Practices Act 15 U.S.C. 1692f(5) by causing Plaintiff to incur a bank legal fee charge of $100.00 as a direct result of its actions.

22. Defendant Strumpf violated the Fair Debt Collection Practices Act 15 U.S.C. 1692f(6) by freezing the Plaintiffs funds and thereby disabling the use of the account by Plaintiff, when it had no authority to do so.

23. Defendant Strumpf violated 15 U.S.C. 1692g(a) by failing to send a validation notice to Plaintiff, even after validation demand has been made by Plaintiff's attorney.

24. Defendant Strumpf violated 15 U.S.C. 1692g(b) by attempting to collect a debt from plaintiff when they knew, or should have known, that they had no legal authority to do so.

25. As a direct and proximate result thereof, Plaintiff has been injured and is entitled to damages therefore.

26. Defendant Strumpf violated 15 U.S.C. 1692i(a)(2) by obtaining a judgment against Plaintiff in a Court out of the Judicial District where the Plaintiff resides.

## SECOND CLAIM: DENIAL OF DUE PROCESS, FAILURE TO SERVE SUMMONS AND COMPLAINT

27. The allegations paragraphs 1-25 in this pleading are incorporated as if fully rewritten herein.

28. Pursuant to Rule 4 of Federal Rules of Civil Procedure, a person must be given notice of an action against him by form of Service of Process.

29. Defendant, Strumpf, failed to serve a summons and complaint, or any other notice of lawsuit whatsoever upon Plaintiff, in obtaining a judgment against Plaintiff.

30. Rule 4 of Civil Procedure forbids legal action against a person unless the person has, in due process, been given notice of the action and an opportunity to be heard. Plaintiff was never served and was never given the opportunity to dispute the alleged debt.

31. Defendant obtained a judgment and used the judgment to obtain a hold on Plaintiff's bank account. Defendant had no right to obtain such a judgment and therefore has no right to put a hold on Plaintiff's North Fork Bank account.

### THIRD CLAIM: DEFAMATION

32. The allegations paragraphs 1-30 in this pleading are incorporated as if fully rewritten herein.

33. Defendant recklessly, maliciously and/or intentionally, disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters asserted.

34. Defendant has obtained a judgment against Plaintiff when it had no right to do so, thereby tarnishing Plaintiff's public records.

35. Defendant has defamed Plaintiff.

36. Alternatively, Defendant has, with willful intent to injure and/or maliciously, defamed Plaintiff.

### FOURTH CLAIM: INFLICTION OF EMOTIONAL DISTRESS

37. The allegations of paragraphs 1-36 in this pleading are incorporated as if fully rewritten herein.

38. This claim is for tortuous infliction of emotional distress caused to Plaintiff by Defendant.

39. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

40. During the course of their actions, and/or subsequent thereto, Defendant has recklessly and/or intentionally caused severe emotional distress to Plaintiff without protection of law and at a time when it knew or should have known that its actions would do so.

41. As a direct and proximate result thereof, Plaintiff was injured and may continue to suffer such injury in the future.

## ADDITIONAL CLAIMS

42. The allegations paragraphs 1-25 in this pleading are incorporated as if fully rewritten herein.

43. The above and foregoing actions, inactions and fault of Defendant, as to each and every count, have proximately caused damages to plaintiff.

44. Defendant's freezing of Plaintiffs funds, has been a substantial factor in causing Plaintiff loss of quality of life, causing negative credit and other damage.

45. Defendant is liable unto plaintiffs for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorney fees, and court costs, and other

assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA, and declaratory and injunctive relief for Defendants' violations of the Consumer Act;

B. That Judgment obtained by Defendant against Plaintiff be revered and nullified.

B. Actual damages as proven at trial, on each and every claim;

C. Statutory damages, where applicable;

D. Costs and reasonable attorney fees; and

E. For such other and further relief as may be just and proper.

Plaintiff hereby demands a trial by jury on all issues and all claims.

DATED: August 10, 2007  
Spring Valley, NY

_____/s/_____  
Shmuel Klein (SK 7212) Fed Court Only  
Law Office of Shmuel Klein, PC  
Attorneys for Plaintiff  
268 ROUTE 59  
Spring Valley, NY   10977  
(845) 425-2510

7